245 P.2d 843

## JONES v. ADAMS.

### No. 5510.

Supreme Court of New Mexico.

June 24, 1952.

Frederic C. Blake, Herbert A. Holt, Espanola, for appellant.

F. A. Catron, Santa Fe, for appellee.

McGHEE, Justice.

The appellant was denied judgment against his employer, the appellee, for damage to his dump truck caused by a gravel bin owned and operated by the appellee falling on the truck while it was being loaded.

The truck would drive under the bin and gravel would then be spilled into it from the bin. In this process some gravel would overflow and spill on the roadway. In or-der to keep the roadway under the bin open to travel, this surplus gravel would from time to time be bladed away, and in so doing a portion of the roadway would also be scraped away. This process had been so long repeated that the roadway under the bin was approximately one foot below the ground on which the supports for the bin rested, with the result that the earth on which the supports rested caved into the roadway, thus allowing the bin to fall on the appellant's truck and damage it.

Following a trial to the court without a jury, findings of fact and conclusions of law were filed and recovery was denied.

It was apparently the intention of the trial court to find the appellant guilty of contributory negligence in striking the bin supports with his truck, and that this contributed to the caving, but the wording of the finding is so involved we will not consider it, but will pass to the issue of assumed risk.

The trial court clearly found, and the evidence supports the finding, that the appellant knew of the condition created by the scraping away of the gravel and the supporting subsoil adjacent to the soil supporting the bin supports, and that he appreciated the danger of a cave-in; but notwithstanding such knowledge he failed to complain of the dangerous condition and voluntarily continued to drive his truck under the bin.

██ There can be no question from the record but that a dangerous condition was created by the act of scraping away the subsoil adjoining the bin supports. We will accept appellant's claim that he did not strike the supports with his truck and that the scraping away of the soil caused the cave-in. He had worked for twenty years around gravel bins and knew of and appreciated the danger of a cave-in because of such conditions. It must be remembered the record shows this is not an extraordinary risk created by some unusual circumstance, but a condition that develops at all such loading stations, due to the overflow of gravel from the ordinary loading operation. This brings the case squarely within the rule announced in Van Kirk v. Butler, 19 N.M. 597, 145 P. 129, 132, wherein it is stated:

"We, therefore, find that there are two classes of risks referred to, namely, ordinary and extraordinary risks, and Labatt's Master and Servant, § 1186a, summarizes the rule as to the assumption of risk in the following language:

" 'The servant assumes all the ordinary risks of the service and all of the extraordinary risks—i. e., those due to the master's negligence—of which he knows and the dangers of which he appreciates.'

"This is a comprehensive statement of the rule which thus qualified the general rule that it is the duty of the master to provide a reasonably safe place for the servant to work."

See also Alexander v. Tennessee & Los Cerrillos Gold & Silver Mining Co., 3 N. M., Gild., 255, 3 N.M., John., 173, 3 P. 735.

██ Independent of the issue of contributory negligence, we must hold the appellant assumed the risk which caused the damage to his truck, and the judgment will be affirmed.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.